```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA


REGIS DUANE HARDEN, JR.,         )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )    Civil Action No. 13-906
                                 )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
          Defendant.             )
```

O R D E R

AND NOW, this 24th day of September, 2014, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on December 9, 2013,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9) filed in the above-captioned matter on November 8, 2013,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.** **Background**

On October 15, 2010, Plaintiff Regis Harden, Jr., filed his claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Specifically,

1

Plaintiff claimed that he became disabled on February 28, 2001, due to bi-polar disorder and depression. (R. 155, 179, 184). After being denied initially on March 31, 2011, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on February 9, 2012. (R. 101-05, 106-07, 24-45). In a decision dated March 16, 2012, the ALJ denied Plaintiff's request for benefits. (R. 11-21). The Appeals Council declined to review the ALJ's decision on May 17, 2013. (R. 1-3). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law

2

judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial

3

gainful work which exists in the national economy ....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

4

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. § 416.920(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

### III. **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since October 15, 2010. (R. 13). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had several severe impairments, specifically, obesity; mood disorder, not

5

otherwise specified; bi-polar disorder; and anxiety/panic disorder. He found, however, that Plaintiff's sinusitis and attention deficit hyperactivity disorder did not constitute severe impairments. (R. 13-14). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 14-17).

The ALJ found that Plaintiff retained the RFC to perform medium work, except that he cannot climb ladders, ropes, or scaffolds, and that he should have no exposure to temperature extremes, wet or humid conditions, or environmental pollutants. The ALJ further limited Plaintiff to unskilled work, involving only routine and repetitive instructions and tasks, which work should be performed in a low stress environment with no production line or assembly line type of pace and no independent decision-making responsibilities, and should require him to have no interaction with the general public and minimal (no more than occasional) interaction with co-workers and supervisors. (R. 17-20). Plaintiff had no past relevant employment, and, therefore, the ALJ moved on to Step Five. (R. 20). The ALJ then used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, and RFC, Plaintiff could perform jobs, including hand packager, kitchen helper, and store

laborer, that exist in significant numbers in the national economy. (R. 21, 43). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 21).

**IV.  Legal Analysis**

Plaintiff raises several arguments as to why he believes that the ALJ erred in formulating his RFC and in finding him to be not disabled. Although the Court need not reach each of these arguments, it does find that substantial evidence does not support the ALJ's decision in regard to the formulation of the RFC and the hypothetical question to the VE. Accordingly, the Court will remand the case for further consideration.

As noted above, the ALJ, in determining Plaintiff's RFC, included several limitations resulting from Plaintiff's mental impairments. Specifically, the ALJ found that Plaintiff was limited to unskilled work, involving only routine and repetitive instructions and tasks, which work should be performed in a low stress environment with no production line or assembly line type of pace and no independent decision-making responsibilities, and should require him to have no interaction with the general public and minimal (no more than occasional) interaction with co-workers and supervisors. (R. 17). Plaintiff argues that the ALJ failed to additionally include, or to provide an adequate explanation as to why he decided not to include, a limitation to one or two-step tasks. The Court agrees that the ALJ's failure

7

to either include or explain the lack of inclusion of such a restriction in the RFC warrants a remand.

As Plaintiff points out in his brief, the ALJ accorded "the greatest weight" to the opinion of the non-examining state agency psychologist, Dr. Monica Yeater, Psy.D., because he found her opinion to be "well balanced and supported by, and consistent with, the longitudinal record as a whole." (R. 19). While the ALJ included many of the limitations found by Dr. Yeater in Plaintiff's RFC, and in the hypothetical question to the VE, he failed to address Dr. Yeater's opinion that Plaintiff's understanding and memory limitations would restrict him to performing one or two-step tasks. (R. 88). The ALJ neither included any such limitation in the RFC and hypothetical nor explained why he did not.[1] This failure warrants a remand for further consideration and discussion.

RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." Fargnoli, 247 F.3d 34 at 40. See also 20 C.F.R. § 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding

---

[1] Although not dispositive, the Court notes that Plaintiff was limited to work with one or two-step type of work processes and involving simple instructions by the ALJs adjudicating both of his prior applications for Social Security benefits. (R. 56, 68). The ALJ here gives no indication why such a limitation would not apply here when it had applied in 2007 and 2009.

"must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705). See also SSR 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Further, a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, although it need reflect only those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).

The RFC and hypothetical here are not supported by substantial evidence because it is not clear whether the omission of any limitation to one or two-step jobs was intentional or not. While the ALJ was by no means required to simply adopt all of the limitations found by the state reviewing agent, he was required to explain his basis for rejecting them if he chose to do so, particularly in light of the fact that he expressly gave significant weight to this opinion in formulating the RFC and hypothetical. It is possible that the ALJ felt that limiting Plaintiff to unskilled work involving only routine and repetitive instructions and tasks adequately addressed any limitation to one or two-step tasks. However, this limitation does not account for the complexity of tasks that a claimant can perform.[2]

In this regard, the Court finds persuasive the reasoning in Bobbitt v. Colvin, 2014 WL 2993738 (D. Ore. July 1, 2014). In that case, the ALJ, as here, had limited the claimant to "simple routine tasks," without addressing the fact that the state agency medical consultants had opined that the claimant's symptoms would limit her to "short and simple instructions of 1-2 steps." Id. at *8. The court reversed and remanded, holding

---

[2] The Court notes that the other limitations in the RFC related to Plaintiff's mental impairments also do not address Plaintiff's ability in regard to the complexity of the instructions he can follow or the tasks he can complete.

10

that a limitation to simple, routine tasks did not adequately encompass a limitation to jobs with one or two-step instructions. See id. at *9. The court found that this distinction was relevant to the determination as to whether the VE's opinion regarding the occupations that the claimant could perform was consistent with the Dictionary of Occupational Titles ("DOT"). As the court discussed, part of this determination would be a consideration as to whether the General Educational Development ("GED") Reasoning Development level set forth in the DOT was consistent with the VE's findings. The court pointed out that, while a Reasoning Development level of 1 requires only a commonsense understanding to carry out simple one or two-step instructions and to deal with standardized situations with occasional or no variables in or from these situations encountered on the job, a Reasoning Development level of 2 requires a commonsense understanding to carry out detailed but uninvolved written or oral instructions and to deal with problems involving a few concrete variables in or from standardized situations. See id. at **8-9.

This Court agrees that a limitation regarding the complexity of tasks and instructions that a claimant can perform may be different from a limitation regarding the routineness or repetitiveness of a job. While both types of limitations may relate to a claimant's impairment as to concentration,

11

persistence, and pace, they could very well relate to different aspects of such an impairment. Indeed, as Plaintiff points out, the jobs that the VE and ALJ found he was able to perform, while consistent with a limitation to routine, repetitive work, may have been inconsistent with a limitation to one or two-step tasks. While no specific DOT codes were provided by the ALJ or VE, the ones suggested by Plaintiff -- hand packager (DOT No. 920.587-018), kitchen helper (DOT No. 318.687-010), and store laborer (DOT No. 922.687-058) -- all refer to positions requiring a GED reasoning level of 2. Although this Court is expressly *not* making any finding as to whether positions with a GED reasoning level of 2 can or cannot be performed by claimants limited to one or two-step tasks, it does find the issue of whether Plaintiff is so limited to be relevant to the VE's opinion and the ALJ's findings. Simply put, since this limitation may have impacted the VE's reasoning, he must consider it (if Plaintiff is, in fact, subject to such a restriction).

Where, as here, there is potentially conflicting evidence in the record, the ALJ must explain which evidence he accepts and rejects and the reasons for his determination. See Cruz v. Commissioner of Soc. Sec., 244 Fed. Appx. 475, 479 (3d Cir. 2007) (citing Hargenrader v. Califano, 575 F.2d 434, 437 (3d Cir. 1978)). See also Fargnoli, 247 F.3d at 42. The state

agency psychologist, whose opinion was given significant weight, offered an opinion of a restriction not included in the RFC or hypothetical that could possibly conflict with the VE's opinion as to the positions that Plaintiff could perform. The ALJ is not necessarily obligated to accept this additional limitation, but he cannot ignore it. It is the need for further explanation that mandates the remand on this issue. Likewise, while the VE's opinion may remain unchanged even with this additional restriction, that is left for the VE to decide.[3]

**V.    Conclusion**

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC and his hypothetical question to the VE are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:      Counsel of record

---

[3]    Although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the opinion of Dr. John Carosso, Psy.D., and make a proper determination as to whether Plaintiff complied with his treatment to eliminate the need for any future remand.